In the Matter of David Lowe
MADEIRA a/k/a David
Beckman Madeira.

No. 98S00–0204–DI–232.

Supreme Court of Indiana.

July 25, 2002.

## ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Amended Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on April 25, 2002, advising that the respondent, David Lowe Madeira, was disciplined by the Supreme Court of Illinois and requesting, pursuant to Ind. Admission and Discipline Rule 23(28),[1] that identical reciprocal discipline be imposed in this state. On April 19, 2002, this Court issued an *Order to Show Cause.* On May 1, 2002, the respondent sent a letter to the Clerk of the Indiana Supreme Court in which he "declar[ed] that I am not a member of the Bar of Indiana having resigned from the Indiana Bar more than five years ago." On May 8, 2002, the Disciplinary Commission filed its *Reply to Response to Order to Show Cause,* stating therein that the respondent has in fact never resigned from the bar of this state. This case is now before us for final resolution.

We now find that the respondent was admitted to the bar of this state on July 6, 1989. He has been administratively suspended in this state since June 26, 1995 for failure to abide by continuing legal edu-

---

1. Admission and Discipline Rule 23(28) provides:

(a) Within fifteen (15) days of the issuance of any final order in another jurisdiction imposing a public disciplinary sanction, a lawyer admitted to practice in this state shall notify the Executive Secretary in writing of the discipline. Upon notification from any source that a lawyer admitted to practice in Indiana has been publicly disciplined in another jurisdiction, the Executive Secretary shall obtain a certified copy of the order of discipline.

(b) Upon receipt of a certified copy of an order demonstrating that a lawyer admitted to practice in Indiana has been disciplined in another jurisdiction, resulting in suspension or revocation of the lawyer's license to practice law in that jurisdiction, disbarment or acceptance of resignation with an admission of misconduct, the Executive Secretary shall file a notice with the Court, attaching a certified copy of the order of discipline, and request the issuance of an order to the Executive Secretary and the lawyer directing them to show cause in writing within thirty (30) days from service of the order why the imposition of identical discipline in this state would be unwarranted.

(c) Upon the expiration of thirty (30) days from service of the order set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) the misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

cation requirements. He is admitted to the bar of the states of Illinois and Pennsylvania. On November 27, 2000, the Supreme Court of Illinois suspended the respondent from the practice of law in that state for a period of sixty days. *In re: David Lowe Madeira,* No. M.R. 17056. The Supreme Court of Pennsylvania on April 5, 2002, suspended the respondent from the practice of law in that state for a period of sixty days upon reciprocal discipline provisions. *Matter of Madeira,* No. C4–01–1079.

We find further that, pursuant to Admis.Disc.R. 23(28)(c), the respondent has failed to demonstrate why identical reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, David Lowe Madeira, is hereby suspended from the practice of law in this state for a period of 60 days, effective immediately. Had the respondent desired to resign from the bar of this state, the procedure for accomplishing that is set forth in Admis.Disc.R. 23(17).

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, to the Supreme Court of Pennsylvania, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.